STATE OF NEW JERSEY, PLAINTIFF-APPELLANT, v. DONALD
J. FAVOCCIA, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued November 19, 1985—Decided December 5, 1985.

Before Judges MICHELS and STERN.

*John F. Segreto* argued the cause on behalf of appellant (*Segreto & Segreto,* attorneys; *David R. Bruins,* on the brief).

*Ulrike M. Ziebarth,* Assistant Prosecutor, argued the cause on behalf of respondent (*Larry J. McClure,* Bergen County Prosecutor, attorney; *Ulrike M. Ziebarth,* of counsel).

PER CURIAM.

Defendant was found guilty in the Wycoff Municipal Court of driving a motor vehicle while under the influence of intoxicating liquor in violation of *N.J.S.A.* 39:4–50. He was fined $250, his license was revoked for six months, he was required to participate in an alcohol rehabilitation program and he was surcharged $100. Defendant appealed to the Law Division where, following a trial *de novo* on the record, he was again found guilty and the same sentence was imposed.

Defendant now contends that his conviction should be reversed because (1) "the video tape of the defendant constituted inadmissible evidence"; (2) "the testimony of Sgt. Vilbert was evasive, contradictory and untruthful, and, as such, raises doubt as to defendant's guilt and whether there were reasonable grounds to stop defendant" and (3) "in failing to establish the validity of and to interpret the evidence introduced, the State failed to meet its burden of proving the offense beyond a reasonable doubt."

We do not have to decide whether *Berkemer v. McCarty*, 468 *U.S.* 420, 104 *S.Ct.* 3138, 82 *L.Ed.*2d 317 (1984) bars admissibility of the defendant's statements following his arrest. It is true, as the State argues, that *State v. Adams*, 200 *N.J. Super.* 385 (App.Div.1985) held that *Berkemer* was not retroactive and did not apply to a case pending direct review in this court on the date *Berkemer* was decided.

While *Adams* is correct in noting that the United States Supreme Court held that *Edwards v. Arizona*, 451 *U.S.* 477, 101 *S.Ct.* 1880, 68 *L.Ed.*2d 378 (1981), a post *Miranda* decision, was not "retroactive" *see Solem v. Stumes*, 465 *U.S.* 638, 104 *S.Ct.* 1338, 79 *L.Ed.*2d 579 (1984), that Court subsequently held that *Edwards* applied to all cases pending direct appeal when it was decided. *Shea v. Louisiana*, 470 *U.S.* ——, 105 *S.Ct.* 1065, 84 *L.Ed.*2d 38 (1985). Moreover, in *Adams* the trial *de novo*

was conducted before *Berkemer* was decided. Accordingly, we do not decide this appeal on the basis of retroactivity.[1]

Our review of the transcript of the trial *de novo* convinces us that the Law Division did not consider defendant's words or any interrogation in reaching the conclusion that defendant was guilty. While the court apparently heard directions given to defendant, the court relied upon the recorded observations of what defendant did in response, *cf. Schmerber v. California*, 384 *U.S.* 757, 86 *S.Ct.* 1826, 16 *L.Ed.*2d 908 (1966), and concluded:

> In viewing it all, there's no doubt in my mind, reviewing the videotapes, Mr. Favoccia's *physical abilities were impaired* as a result of the ingestion of alcohol, and that is really the standard we now apply. [Emphasis added]

Thus, the conviction rested on proofs independent of any inadmissible interrogation, and there was substantial evidence for the determination of guilt. *State v. Johnson*, 42 *N.J.* 146 (1964).

Affirmed.

---

[1]By declining to accept the State's argument on retroactivity, we likewise decline to decide whether a trial *de novo* is to be deemed an original trial, direct appeal or new trial for purposes of retroactivity. *See Jenkins v. Delaware*, 395 *U.S.* 213, 89 *S.Ct.* 1677, 23 *L.Ed.*2d 253 (1969) (impact of *Miranda* on retrial).